UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STEPHANIE GILBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | No. 3:11-cv-00669-HU<br><br>**OPINION AND**<br>**ORDER** |

Alan Stuart Graf
Alan Stuart Graf, PC
316 Second Rd.
Summertown, TN 38483

    Attorney for Plaintiff

S. Amanda Marshall
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

Jeffrey R. McClain
Special Assistant Untied States Attorney
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104

    Attorneys for Defendant

Page 1 - OPINION AND ORDER

HUBEL, Magistrate Judge:

Plaintiff Stephanie Gilbert ("Gilbert") moves the court for an order approving attorney fees in the amount of $8,964.42 under 42 U.S.C. § 406(b). Based on the factors established in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002), and explained in *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc), I grant the motion. Gilbert's counsel is awarded $8,964.42 in § 406(b) fees from which counsel will have to refund to Gilbert $7,043.89 in previously awarded fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**Procedural Background**

Gilbert protectively filed an application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act on September 25, 2007. Gilbert's claim for SSI benefits was denied initially and upon reconsideration. Gilbert was granted a hearing before an Administrative Law Judge ("ALJ") on March 5, 2010. The ALJ issued a decision finding Gilbert not disabled on March 17, 2010. On March 30, 2011, the Appeals Council denied Gilbert's request for review, making the ALJ's decision the final decision of the Commissioner.

Gilbert brought this action on June 1, 2011, seeking judicial review of the Commissioner's decision. On December 22, 2011, Gilbert filed an opening brief, which was seventeen pages long and contained seven pages worth of arguments on the merits. Gilbert asserted three grounds upon which the ALJ's decision should be reversed: (1) the ALJ failed to evaluate whether Gilbert satisfied the criteria for listed impairment 12.05C; (2) the ALJ's adverse

Page 2 - OPINION AND ORDER

credibility determination was improper; and (3) the ALJ improperly rejected the opinion of examining physician, Dr. Richard Frederick.

On March 26, 2012, the parties, acting through their respective counsel, stipulated that the above-captioned case be reversed and remanded to the Commissioner for a calculation of benefits. On remand, the Appeals Council was ordered to issue a fully favorable decision based upon Gilbert meeting the requirements of Listing 12.05C. Judgment was entered on March 27, 2012.

## Legal Standard

### I. Section 406(b)

In Social Security cases, attorney fee awards are governed by § 406(b), which provides in pertinent part:

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

### II. Controlling Precedent

*Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 122 S.Ct. 1817 (2002) concerned fees awarded under § 406(b). Specifically, the Supreme Court addressed the question, which sharply divided the Federal Courts of Appeals: "What is the appropriate starting point for judicial determinations of a reasonable fee [under § 406(b),] for representation before the court?" *Id.*

For the purposes of the opinion, the Supreme Court consolidated three separate actions where the District Court, based on Circuit precedent, declined to give effect to the attorney-

Page 3 - OPINION AND ORDER

client fee arrangement. *Id.* at 797. Instead, the District Court employed a lodestar method whereby the number of hours reasonably devoted to each case was multiplied by a reasonable hourly fee. *Id.* at 797-98. The Court concluded that § 406(b) requires a court to review the contingent-fee arrangement, to assure it yields reasonable results. *Id.* at 807. Congress provided one boundary line, *e.g.*, contingent-fee agreements are unenforceable if they exceed 25 percent of past-due benefits. *Id.* But, within that 25 percent boundary, "*the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.*" *Id.* (emphasis added).

Courts are instructed to first test the contingent-fee agreement for reasonableness. *Id.* at 808. An award of § 406(b) fees can be appropriately reduced based on (1) the character of the representation; (2) the results achieved; (3) when representation is substandard; (4) if the attorney is responsible for delay; and (5) if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* The claimant's attorney may be required to submit a record of hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases in order to aid the court's assessment of reasonableness. *Id.* Finally, the *Gisbrecht* court stated that, "[j]udges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Id.*

In *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc), the Ninth Circuit reviewed three consolidated appeals and

Page 4 - OPINION AND ORDER

determined that, in each case, the district court failed to comply with *Gisbrecht's* mandate. *Crawford*, 586 F.3d at 1144. In each of the three cases, the claimant signed a written contingent fee agreement whereby the attorney would be paid 25 percent of any past-due benefits awarded. The *Crawford* court noted that contingency-fee agreements, which provide for fees of 25 percent of past-due benefits, are the norm for Social Security practitioners. *Id.* at 1147. However, since the Social Security Administration ("SSA") "has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure the reasonableness of the fee is established." *Id.* at 1149. Performance of that duty begins by asking whether the amount of the fee agreement need be reduced. *Id.*

The district courts' decisions, in each of the consolidated cases, were overruled by the Ninth Circuit because they relied "on lodestar calculations and reject[ed] the primacy of lawful attorney-client fee agreements." *Id.* at 1150 (citing *Gisbrecht*, 535 U.S. at 793, 122 S.Ct. 1817). Specifically, the district courts erroneously began with a lodestar calculation by comparing the lodestar fee to the requested fee award. *Id.* The attorneys requested fees representing 13.94%, 15.12%, and 16.95% of past-due benefits. *Id.* at 1145-47. The *Crawford* opinion noted that in these stipulated remand cases, the plaintiff's attorney's voluntarily reduced their fee request from the contingency fee agreement's 25%. *See id.* at 1150 n.8 ("The attorneys . . . themselves suggested that the full 25% fee provided for by their fee agreements would be unreasonable.") If the attorneys had

Page 5 - OPINION AND ORDER

received the 25 percent fee provided for by their agreements, they would have been awarded fees ranging from $19,010.25 to $43,055.75. *Id.* at 1150. The district courts, however, reduced the contracted fees by between 53.7% and 73.30% and ultimately awarded fees that represented 6.68% to 11.61% of the past-due benefits. *Id.* The Ninth Circuit went on to state that:

> In *Crawford*, for example, the district court awarded 6.68% of the past-due benefits. From the lodestar point of view, this was a premium of 40% over the lodestar. . . . But from the contingent-fee point of view, 6.68% of past-due benefits was over 73% less than the contracted fee and over 60% less than the discounted fee the attorney requested. Had the district court started with the contingent-fee agreement, ending with a 6.68% fee would be a striking reduction from the parties' fee agreement. This difference underscores the practical importance of starting with the contingent-fee agreement and not just viewing it as an enhancement.

*Id.* at 1150-51. In *Washington* and *Trejo*, the district court reduced the already discounted fees claimed by the attorneys by 23% and 47%, respectively. *Id.* at 1151 n.9.

Importantly, the Ninth Circuit also noted that *Gisbrecht* "did not provide a definitive list of factors that should be considered in determining whether a fee is reasonable or how those factors should be weighed[.]" *Id.* at 1151. They went on to cite *Mudd v. Barnhart*, 418 F.3d 424 (4th Cir. 2005), for the proposition that: "The [Supreme] Court did not provide a definite list of factors to be considered because it recognized that the judges of our district are accustomed to making reasonableness determinations in a wide variety of contexts." *Id.* (citing *Mudd*, 418 F.3d at 428).

///
///
///

Page 6 - OPINION AND ORDER

**Analysis**

**I.   The Fee Arrangement**

Here, a contingent-fee agreement exists between Gilbert and her counsel that states: "I understand that I will not pay more than 25% of my past due benefits for the total fees of all attorneys involved in my case." (Mem. Supp. Ex. 3 at 3.)  By its terms, the contingency fee agreement is within the statutory limits.  The court will therefore proceed to examine whether the fee sought exceeds § 406(b)'s 25 percent ceiling, which requires evidence of total past-due benefits. *Dunnigan v. Astrue*, No CV 07-1645-AC, 2009 WL 6067058, at *9 (D. Or. Dec. 23, 2009).

The Notice of Award provided to Gilbert by the SSA indicates that she will be awarded $35,857.66 in past-due benefits. (Mem. Supp. Ex. 5 at 2.)  Twenty-five percent of $35,857.66 is $8,964.42. The fee sought by Gilbert's counsel is therefore within the statutory ceiling.

**II.  The Reasonableness of the § 406(b) Fee**

I turn now to my primary inquiry, the reasonableness of the fee sought.  After applying the *Gisbrecht* factors, as interpreted by *Crawford*, I find that counsel has demonstrated that a 25 percent fee is reasonable for this case.

**A.   Character of Representation**

Substandard performance by a legal representative warrants a reduction in a § 406(b) fee award, as *Gisbrecht* and *Crawford* make clear. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. Examples of substandard representation include poor preparation for hearings, failing to meet briefing deadlines, submitting documents to the court that are void of legal citations, and overbilling

Page 7 - OPINION AND ORDER

one's clients. *Dunnigan*, 2009 WL 6067058, at *11 (citation omitted).

Because the performance of counsel in this case was not substandard, no reduction is warranted under this factor.

### B. The Results Achieved

In his opening brief, counsel argued that the ALJ failed to evaluate whether Gilbert satisfied the criteria for Listing 12.05C. Upon further review, the Commissioner agreed with Gilbert's counsel and stipulated to remand to the Appeals Council to issue a fully favorable decision based upon Gilbert meeting the requirements of Listing 12.05C. As a result, Gilbert was awarded $35,857.66 in past-due SSI benefits.

In the court's view, no reduction is warranted under this factor.

### C. Dilatoriness

The court may reduce a § 406(b) fee for delays in the proceedings attributable to the claimant's attorney. *Crawford*, 586 F.3d at 1151. The *Gisbrecht* court observed that a reduction on this ground is appropriate if the requesting attorney inappropriately caused delay in proceedings, so that the attorney "will not profit from the accumulation of benefits" while the case is pending. *Gisbrecht*, 535 U.S. at 808.

Here, there is no evidence in the record suggesting that Gilbert's counsel intended to cause delay in this proceeding or profit from an accumulation of benefits. In fact, Gilbert's counsel did not request any extensions of time from the court. Thus, reduction under this factor is not warranted.

///

Page 8 - OPINION AND ORDER

**D.    Proportionality of the Fee Request to the Time Expended**

The court may reduce a § 406(b) fee "for . . . benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citation omitted). The Supreme Court explained, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808. In making this determination, the court may look to counsel's record of hours spent and a statement of normal hourly billing. *Crawford*, 586 F.3d at 1151.

Here, Gilbert's benefits are not large in comparison to the time counsel spent on the case. Counsel has submitted time records in support of his request for fees indicating that a total of 39 hours have been spent on Gilbert's case, which results in an effective hourly rate of $229.86 ($8,964.42/ 39), if the full 25 percent fee was approved. A large portion of counsel's time was spent researching information pertaining to Listing 12.05C (i.e., one of only three assignments of error in this case). The Commissioner ultimately agreed with Gilbert's counsel that the ALJ erred because Gilbert satisfied the requirements of Listing 12.05C. Thus, it appears evident that Gilbert's counsel's time was spent wisely and effectively.

///
///
///
///
///
///

Page 9 - OPINION AND ORDER

**Conclusion**

For the reasons set forth above, Plaintiff's unopposed motion (Docket No. 24) for attorney fees is GRANTED. Counsel is awarded $8,964.42 in § 406(b) fees less the $7,043.89 awarded in EAJA fees.

IT IS SO ORDERED.

Dated this 6th day of February, 2013.

/s/ Dennis J. Hubel

_____
DENNIS J. HUBEL
United States Magistrate Judge

Page 10 - OPINION AND ORDER